**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 1, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RAYMOND A. BUTLER, JR.,

      Plaintiff - Appellant,

v.

H. A. RIOS, JR., Warden; PRICE,
Correctional Officer,

      Defendants - Appellees.

No. 07-1528

(D. Colorado)

(D.C. No. 07-CV-1249-REB-CBS)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **MURPHY**, and **HARTZ**, Circuit Judges.

---

After examining the appellate briefs and the appellate record, this court has

determined unanimously that oral argument would not materially assist the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

In 2007, appellant Raymond A. Butler, Jr., a federal prisoner, filed a

complaint asserting violations of his federal civil rights. *See Bivens v. Six*

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

*Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The district court granted Butler's motion to proceed *in forma pauperis* and ordered him to pay an initial partial filing fee of $11.00 or show cause why he had no means by which to pay the fee. *See* 28 U.S.C. § 1915(b)(1). Butler was also ordered to make monthly payments of twenty percent of the preceding month's income credited to his prison trust fund account or show cause each month why he was unable to do so. He was specifically directed that to show cause he must file a current certified copy of his prison trust fund account statement. He was warned that his complaint would be dismissed if he did not pay the initial partial filing fee or make the monthly payments.

Butler paid the partial filing fee but failed to either make the monthly payments for August and September 2007, or show cause for that failure by providing his current trust fund account statement. On September 26, 2007, the district court entered a second order directing Butler to make the monthly payments no later than the fifteenth day of each month or file a certified copy of his inmate trust fund account statement or show cause for the failure. Again, the district court warned Butler that his complaint would be dismissed if he failed to comply:

> If Plaintiff fails hereafter to comply with this requirement in any month prior to the date on which the filing fee is paid in full, the Court will recommend that the case be dismissed for failure to comply with this Order and with the Order allowing Plaintiff to proceed *in forma pauperis* entered June 14, 2007.

Despite the warning, Butler failed to make the required payments and did not file copies of his trust fund account statement. Accordingly, the magistrate judge issued a recommendation that Butler's complaint be dismissed. The recommendation contained a comprehensive analysis of the factors enumerated by this court in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). Butler filed objections to the recommendation, arguing he had made arrangements with an "outside party" to pay the filing fee in full but the payment had not been made. Butler requested an opportunity to bring his payments current and informed the court that a $45.00 payment would be sent on November 10, 2007.

The district court considered Butler's objections but adopted the magistrate judge's recommendation and dismissed the complaint with prejudice. The court noted that Butler's explanation did not excuse his failure to respond to the court's September 26th order. It further noted that the promised back payment of $45.00 had never been received by the court. Butler then brought this appeal.

The sole argument raised in Butler's appellate brief was never presented to the district court. He asserts he requested copies of his inmate trust fund account statement but the prison failed to provide them. He also asserts the prison failed to comply with his request to have payments made to the district court. Despite Butler's further assertion that documentation evincing these requests is attached to his brief, no such attachments have been filed with this court. We decline to consider this argument, both because it was not presented to the district court and

because it lacks support in the record. *See Wolfe v. Barnhart*, 446 F.3d 1096, 1103 (10th Cir. 2006).

Having reviewed the record, the appellate briefs, and the applicable law, we can discern no reversible error by the district court. Accordingly, the dismissal of Butler's complaint is **affirmed** for substantially the reasons stated in the recommendation dated October 30, 2007 and the order dated November 27, 2007. Butler's motion to proceed *in forma pauperis* on appeal is **granted**. In light of his statutory obligation to continue making partial payments until his appellate filing fees are paid in full, 28 U.S.C. § 1915(b), Butler's Motion Requesting Continuation of Monthly Payments is **denied** as moot.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge